## THE STATE v. MORRIS.

The exculpatory oath authorized by sec. 17 of the stat. of 7 June, 1806, to be taken by a party prosecuted under that statute for the cruel treatment of a slave, in the absence of any witness, is not conclusive of the innocence of the accused, but must be received and weighed as other evidence, and may be rebutted.

APPEAL from the District Court of St. Helena, Penn, J. Elmore, Attorney General, for the State. Halsey, Ellis and Haynes, for the appellant. The judgment of the court was pronounced by

KING, J. The appellant was prosecuted for the cruel treatment of his slave, under the act of 7th June, 1806. Bul. & Curry's Dig. p. 61, § 16, 17. No person having been present when the alleged cruel punishment was inflicted, the defendant tendered on the trial his own affidavit in exculpation, which was received. The judge, however, instructed the jury that it was not conclusive of the appellant's innocence, but was to be received and weighed as other evidence, and might be rebutted. To this charge a bill of exceptions was taken. The accused was convicted and sentenced, and has appealed.

The section of the law under which the defendant's affidavit was received is as follows: "If any slave be mutilated, beaten, or ill treated, contrary to the true intent and meaning of this act, when no one shall be present, in such case the owner, or other person having the charge or management, of said slave thus mutilated, shall be deemed responsible and guilty of the said offence, and shall be prosecuted without further evidence, unless the said owner, or other person, so as aforesaid, can prove the contrary by means of good and sufficient evidence, or can clear himself by his own oath." It is contended that the oath authorized by this section not only repels the presumption of guilt created by the statute, but is to be taken as conclusive of the defendant's innocence. Such does not appear to us to be a just interpretation of the act. The law creates a presumption of the master's guilt, which, in the absence of this express legislation, would not arise. It is founded upon the relation of master and slave, and the power of the former to maltreat the latter secretly and without the possibility, in many instances, of otherwise establishing his guilt.

He is consequently held answerable for the cruel treatment received by his slave while under his charge, and when no person is present, and is presumed to be guilty of the offence, " unless" in the words of the act, "he can prove the contrary." The burthen of proof in such cases is thrown on the accused, who is required to establish his innocence, and for this purpose is permitted to use his own affidavit, in addition to the testimony which is receivable in ordinary prosecutions. The statute has not said that this oath is to be conclusive, or of higher dignity than other evidence; nor do its terms authorize the conclusion that such was the intention of the law-giver. The obvious meaning of the expressions, "unless he can clear himself by his own oath," is that the defendant's affidavit shall be admissible; and, if believed, that its disclosures shall be such as to establish his innocence.

It has been correctly urged by the Attorney General, that the interpretation contended for by the defendant would enable the master to escape punishment by interposing his oath, when his guilt could be satisfactorily established by other

testimony, which could not have been contemplated by the legislature. He may have previously confessed his guilt, or it may be established by circumstantial testimony, which is often as conclusive as positive and direct evidence; or the facts disclosed by the affidavit itself may bring the jury to a different conclusion from the defendant in relation to the cruelty of the punishment. In such cases the legislature could not have intended that the owner should escape punishment by interposing his own oath; or that the jury should acquit, notwithstanding their convictions, from the testimony, of the guilt of the accused. No greater weight is to be given to the oath of the accused in such cases than to other testimony, and the judge did not, in our opinion, err in his instructions to the jury.

Judgment affirmed.